[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-13433
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 29, 2009
THOMAS K. KAHN
CLERK

D. C. Docket Nos. 06-00906-CV-J-32-HTS
03-00343-CR-J-3

GINO VELEZ SCOTT,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee,

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(April 29, 2009)

Before BLACK, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Gino Velez Scott, a federal prisoner proceeding *pro se* on appeal, appeals the dismissal with prejudice, and without an evidentiary hearing, of his motion to vacate his sentence, 28 U.S.C. § 2255. We granted a certificate of appealability on the following issue only: "Whether the district court erred in denying appellant's claim that trial counsel was ineffective for failing to fully advise Scott of potential sentences during plea negotiations, where counsel and appellant's allegations conflicted, and no evidentiary hearing was held." Scott argues his attorney provided ineffective assistance of counsel by failing to advise him fully during plea negotiations as to the possibilities for avoiding a mandatory life sentence pursuant to a 21 U.S.C. § 851 enhancement, thus denying him the opportunity to make a knowing and voluntary decision as to whether to plead guilty. He further contends the district court was required to hold an evidentiary hearing because his attorney's affidavit directly contradicted his allegations and the evidentiary hearing would have given Scott the opportunity to prove those allegations.

In a § 2255 proceeding, we review the district court's findings of fact for clear error and its legal conclusions *de novo*. *Devine v. United States*, 520 F.3d 1286, 1287 (11th Cir. 2008). "A claim of ineffective assistance of counsel is a mixed question of law and fact that we review *de novo*." *Id.* Denial of an evidentiary hearing is reviewed for abuse of discretion. *Aron v. United States*, 291

2

F.3d 708, 714 n.5 (11th Cir. 2002).

In *Strickland v. Washington*, 104 S. Ct. 2052 (1984), the Supreme Court set out a two-part inquiry for ineffective assistance of counsel claims:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Id.* at 2064. A habeas petitioner claiming ineffective assistance of counsel must succeed on both prongs of the *Strickland* test. *Butcher v. United States*, 368 F.3d 1290, 1293 (11th Cir. 2004).

The *Strickland* test applies to challenges of guilty pleas, as well as to convictions by jury. *Hill v. Lockhart*, 106 S. Ct. 366, 370 (1985). In this context, the first prong of *Strickland* requires the defendant to show his plea was not voluntary because he received advice from counsel that was not within the range of competence demanded of attorneys in criminal cases. *See id.* at 369–70. The second prong "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process," meaning the defendant must show "a reasonable probability that, but for counsel's errors," he would have entered a different plea. *Id.* at 370 (stating the test in the context of an accepted

3

guilty plea); *see also Diaz v. United States*, 930 F.2d 832, 835 (11th Cir. 1991) (applying the test to a rejected plea agreement).

The district court "shall" hold an evidentiary hearing on a habeas petition "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). "[I]f the petitioner 'alleges facts that, if true, would entitle him to relief, then the district court should order an evidentiary hearing and rule on the merits of his claim.'" *Aron*, 291 F.3d at 714–15 (quoting *Holmes v. United States*, 876 F.2d 1545, 1552 (11th Cir.1989)). Yet the "district court is not required to hold an evidentiary hearing where the petitioner's allegations are affirmatively contradicted by the record, or the claims are patently frivolous." *Id.* at 715. Thus, the petitioner needs to allege "reasonably specific, non-conclusory facts that, if true, would entitle him to relief. If the allegations are not affirmatively contradicted by the record and the claims are not patently frivolous," the requirement of an evidentiary hearing is triggered and the petitioner must offer proof at that hearing. *Id.* at 715 n.6.

Scott's brief in support of his § 2255 motion alleges only that his counsel failed to advise him that he supposedly could have avoided a life sentence by entering a guilty plea without a plea agreement before the Government had an

4

opportunity to file an § 851 information.[1] Scott's argument assumes a non-negotiated plea would have prevented the Government from requesting the § 851 enhancement, but Scott provides no support for this proposition. Instead, he only notes, "it is common practice to negotiate that a sentencing enhancement not be filed where the defendant agrees to enter a guilty plea." Scott's brief in support of his § 2255 motion, however, does not allege the Government was amenable to such a negotiation in the absence of a cooperation agreement. Nor does it allege any other "reasonably specific, non-conclusory facts" to indicate his counsel gave him constitutionally ineffective advice. *Aron*, 291 F.3d at 715 n.6. The district court, thus, did not abuse its discretion in finding Scott was not entitled to an evidentiary hearing, and it did not err in concluding Scott's motion failed the first prong of the *Strickland* test.

The district court also did not err in finding Scott had failed to satisfy the second prong of the *Strickland* inquiry. Scott attempts to demonstrate prejudice by suggesting he would have given a guilty plea greater consideration if his counsel had advised him differently and by stating he could have received a lower sentence if he had pled guilty without a plea agreement. In *Diaz*, we concluded a petitioner

___

[1] To the extent Scott appears to allege his counsel did not inform him that he faced a life sentence, his own declaration, filed after the district court denied his § 2255 motion, clarifies his counsel did actually advise him to that effect.

had failed to establish prejudice when he argued a guilty plea would have resulted in a lower sentence and offered "after the fact testimony concerning his desire to plead." 930 F.2d at 835. In this case, Scott only goes so far as to say he should have been able to take the lower sentence into account when deciding whether to plead guilty. Considered in conjunction with his counsel's affidavit, which indicated Scott strongly advocated his innocence and was not amenable to pleading otherwise, Scott's argument does not establish a reasonable probability he would actually have pled differently but for his counsel's alleged advice. *See id.* at 834–35. Thus, Scott's argument is insufficient to make the required showing for *Strickland*'s second prong.

In sum, Scott has failed to show that he was entitled to relief or that the district court abused its discretion in failing to hold an evidentiary hearing. Accordingly, we uphold the district court's denial of Scott's § 2255 motion.[2]

**AFFIRMED.**

---

[2] Scott's motion to amend his reply brief is granted.