Antonio DIAZ, Petitioner–Appellant,

v.

UNITED STATES of America, Respondent–Appellee.

No. 89–6297
Non–Argument Calendar.

United States Court of Appeals, Eleventh Circuit.

May 6, 1991.

---

Antonio Diaz, Memphis, Tenn., pro se.

Dexter W. Lehtinen, U.S. Atty., Carol E. Herman, Linda Collins Hertz, Dawn Bowen, Anne Ruth Schultz, Asst. U.S. Attys., Miami, Fla., for respondent-appellee.

Before KRAVITCH, CLARK and EDMONDSON, Circuit Judges.

CLARK, Circuit Judge:

## BACKGROUND

On May 31, 1985, Appellant Antonio Diaz and thirteen co-defendants were convicted in a jury trial in the Southern District of

Florida of conspiracy to violate the Racketeer Influenced and Corrupt Organization Act (RICO), 18 U.S.C. § 1962(d); substantive violation of RICO, 18 U.S.C. § 1962(c); conspiracy to possess cocaine with intent to distribute, 21 U.S.C. § 846; and eight counts of possession of cocaine with intent to distribute, 21 U.S.C. § 841(a)(1). This court affirmed on appeal. *United States v. Casamayor*, 837 F.2d 1509 (11th Cir.1988).

On March 2, 1989, appellant filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. On September 29, 1989, the federal magistrate filed a report and recommendation that the petition be denied. Appellant filed an objection to the magistrate's report, in which he included a request for permission to amend his petition to include an additional ground for relief. In an order filed December 1, 1989, the district court adopted in full the magistrate's report and denied appellant's § 2255 motion.

## DISCUSSION

Appellant Diaz raises three issues on appeal.[1] First, appellant argues that the district court erred in denying his claim of ineffective assistance of counsel without an evidentiary hearing. "A federal habeas corpus petitioner is entitled to an evidentiary hearing if he alleges facts which, if proven, would entitle him to relief." *Futch v. Dugger*, 874 F.2d 1483 (11th Cir.1989) (citing *Townsend v. Sain*, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963)). The court on review "must accept all of the petitioner's alleged facts as true and determine whether the petitioner has set forth a valid claim," *Agan v. Dugger*, 835 F.2d 1337, 1338 (11th Cir.1987), and should liberally construe a *pro se* defendant's petition. *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) (per curiam). However, this court has held that "[o]n habeas a federal district court need not conduct an evidentiary hearing if it can be conclusively determined from the record

that the petitioner was not denied effective assistance of counsel." *Dickson v. Wainwright*, 683 F.2d 348, 351 (11th Cir.1982).

■ Diaz specifically contends that prior to trial, the government offered to recommend that he receive a five-year sentence in exchange for his guilty plea and testimony against his co-defendants. He alleges that he declined this offer, but at trial, the government reiterated the five-year plea offer in exchange only for his guilty plea. Diaz argues that his counsel's assistance was ineffective because counsel made the decision to reject the plea offer without consulting him. Brief for Appellant, at 4. He also contends that counsel was ineffective in advising him that the plea offer was "bullshit."

■ Counsel has an obligation to consult with his client on important decisions and to keep him informed of important developments in the course of the prosecution. *Strickland v. Washington*, 466 U.S. 668, 688, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); *see also Johnson v. Duckworth*, 793 F.2d 898, 902 (7th Cir.), *cert. denied*, 479 U.S. 937, 107 S.Ct. 416, 93 L.Ed.2d 367 (1986) (client must be involved in decision to accept or reject plea offer, and failure to inform client of offer constitutes ineffective assistance). To succeed on a claim of ineffective assistance of counsel, petitioner must show that his counsel's performance was so deficient as to deny him his guaranteed right to counsel and that the deficient performance prejudiced his defense. *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064. Prejudice is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694, 104 S.Ct. at 2068.

Although counsel's advice to Diaz that the plea offer was "bullshit" does not alone suggest that Diaz was "involved" in the decision to reject the plea offer, it does

---

**1.** While appellant raised additional claims in his § 2255 motion, on appeal he raises only the issues discussed below. His mere statement in his reply brief that he did not abandon these additional claims is insufficient to raise them on

appeal. *See Rogero v. Noone*, 704 F.2d 518, 520 n. 1 (11th Cir.1983); *United States v. Benz*, 740 F.2d 903, 916 (11th Cir.1984), *cert. denied*, 474 U.S. 817, 106 S.Ct. 62, 88 L.Ed.2d 51 (1985).

indicate that counsel informed Diaz of the offer. Similarly, although Diaz denies that he and his counsel reached a decision to reject the offer, he obviously was aware of its rejection. The magistrate noted in his report, and the record supports the conclusion, that Diaz acknowledged that "counsel discussed the merits of the Government's offer with him and a decision was made to reject the offer." Report of United States Magistrate, at 9. Diaz offers no evidence in response to support his contention that he was denied an opportunity to reject the offer.

As to Diaz' claim that counsel was ineffective in advising him that the plea offer was unacceptable, Diaz has not established prejudice with respect to counsel's advice. He does not allege that but for his attorney's errors, he would have accepted the plea offer; he cites no evidence to indicate that prior to his conviction he expressed any desire to plead guilty. He argues only that he would have received a lesser sentence had he accepted the plea agreement. However, the Supreme Court has recognized that "[j]udicial scrutiny of counsel's performance must be highly deferential," and that courts should ensure that "every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* at 689, 104 S.Ct. at 2065.

Given appellant's awareness of the plea offer, his after the fact testimony concerning his desire to plead, without more, is insufficient to establish that but for counsel's alleged advice or inaction, he would have accepted the plea offer. *See Johnson,* 793 F.2d at 902 n. 3. He has not established facts that, if proven, would entitle him to relief. The district court could have concluded from the record that appellant did not establish a reasonable probability that, absent counsel's alleged ineffective assistance, he would have accepted the plea agreement.

■ Diaz next argues that the district court erred in denying his § 2255 motion without considering his claim that the mag-

istrate who selected his trial jury was without authority to do so. We agree.

Diaz filed his original § 2255 motion on March 2, 1989. He based his amendment to the motion on the Supreme Court's June 12, 1989 decision that a magistrate is not empowered to preside over jury selection at a felony trial without the defendant's consent. *Gomez v. United States,* 490 U.S. 858, 109 S.Ct. 2237, 104 L.Ed.2d 923 (1989). Defendant, proceeding *pro se,* asserted a potentially meritorious claim which he said he did not know about and which arguably was unavailable when the original petition was filed. Given the liberal rules governing amendments to pleadings, the district court should have allowed the amendment. Because the district court should have allowed Diaz to amend his petition in order that the court could consider his challenge to the magistrate's authority to conduct *voir dire,* we remand the case for amendment and consideration of appellant's challenge to the magistrate's authority. *See Scott v. Clark,* 761 F.2d 1524, 1527 (11th Cir.1985) (remand for consideration when district court erred in refusing petitioner's amendment of his petition to assert new claim by "Amendment to Petition" and through objections to magistrate's report).

■ Finally, Diaz argues that the district court, in adopting the magistrate's report, failed to conduct a *de novo* review of the objected to portions of the report. He bases his argument, first, on the district court's alleged failure to address any of his objections in its order and, second, on the court's alleged failure to consider the trial transcript in reviewing the magistrate's report.

First, appellant's challenge to the district court's failure to address specifically Diaz' objections to the magistrate's report is without merit. The district judge indicated in his order that he had considered Diaz' objections to the magistrate's report. Additionally, Rule 8(b)(4) of the rules governing § 2255 proceedings provides that "[a] judge of the court may accept, reject, or modify in whole or in part any findings or recommendations made by the magistrate." The rule does not require that the district

judge reiterate the magistrate's findings and conclusions in a case in which the judge accepts the magistrate's report in its entirety.

■ Second, on the alleged failure of the district court to consider the transcript, 28 U.S.C. § 636(b)(1) requires that the district court, in reviewing the magistrate's report, "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." A *de novo* review, thus, requires independent consideration of factual issues based on the record. *Jeffrey S. by Ernest S. v. State Board of Educ.*, 896 F.2d 507, 513 (11th Cir.1990).

■ The district judge, in fully adopting the report of the magistrate, stated that he had considered "the motion, the report and recommendation, the objections, and the relevant case law, statutes and federal rules." Appellant argues, however, that neither the magistrate nor the district court had access to the trial transcript and, as a result, could not have independently reviewed the factual record in considering objections. He draws this conclusion from the fact that on December 8, 1989, after the magistrate's report and the district court's order were filed, the government requested an extension of time to respond to codefendant Brito Williams' habeas petition; the extension was needed, the government had claimed, because the trial transcript at issue here was still in storage. Because the transcript was in storage, appellant contends that the district court did not have the transcript and could not have conducted *de novo* review.

The facts simply do not support an argument that because these records were in storage, the district court could not have had access to them. First, the magistrate, in her order, clearly indicated that *she* had access to the trial transcript. She noted that she had thoroughly reviewed the transcript of the government's closing argument. Magistrate's Report, at 11. Second, the magistrate in a separate order denied an extension to respond because copies of the requested transcripts, in fact, were available from the clerk's office. Magis-

trate's Order, December 4, 1989. Even assuming review of the transcript was necessary to resolve Diaz' objections, any conclusion that the district court could not have had the trial transcript solely on the basis that the transcripts were in storage would be erroneous. Because appellant has failed to establish that the district court failed to conduct the requisite *de novo* review, the judgment of the district court is affirmed as to this issue.

### CONCLUSION

As to issues one and three, we affirm. On issue two, because the district court should have allowed Diaz to amend his petition in order that the court could consider his challenge to the magistrate's authority to conduct *voir dire*, we remand the case for amendment and consideration of appellant's challenge to the magistrate's authority.

AFFIRMED in part; and REMANDED in part.