[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 07-11413
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
March 28, 2008
THOMAS K. KAHN
CLERK

D. C. Docket No. 06-22022-CV-AJ

MANUEL GUERRA,

Petitioner-Appellant,

versus

SECRETARY FOR THE DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL OF FLORIDA,
Bill McCollum,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

**(March 28, 2008)**

Before CARNES, BARKETT and MARCUS, Circuit Judges.

PER CURIAM:

Manuel Guerra, a Florida prisoner serving a 34-year sentence for second-degree murder, appeals the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition. On appeal, Guerra argues that he received ineffective assistance of counsel when his trial attorney misinformed him that he faced a maximum sentence of 20 years, and he ultimately rejected a plea offer of a 10-year term. Guerra says that but for counsel's alleged error he would have accepted the offer. Therefore, Guerra asserts that the district court erred in its analysis of his ineffective-assistance claim under Strickland v Washington, 466 U.S. 668 (1984). After thorough review of the record and careful consideration of the parties' briefs, we affirm the denial of habeas relief.

We review de novo a district court's denial of a habeas petition under 28 U.S.C. § 2254 and its factual findings for clear error. See Sims v. Singletary, 155 F.3d 1297, 1304 (11th Cir. 1998). Habeas petitions premised on ineffective assistance of counsel present "a mixed question of fact and law requiring application of legal principles to the historical facts of the case." Coulter v. Herring, 60 F.3d 1499, 1503 (11th Cir. 1995).

Under 28 U.S.C. § 2254(d), a federal court may not grant habeas relief on claims that were previously adjudicated in state court, unless the adjudication "resulted in a decision that was contrary to, or involved an unreasonable

2

application of, clearly established Federal law . . . or resulted in a decision based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." "The 'contrary to' and 'unreasonable application' clauses of § 2254(d)(1) are separate bases for reviewing a state court's decisions." Putnam v. Head, 268 F.3d 1223, 1241 (11th Cir. 2001). The Supreme Court has held that a state court decision is "contrary to" established law if: (1) the state arrives at a conclusion opposite to that reached by the Supreme Court on a question of law; or (2) a state court confronts facts "materially indistinguishable" from relevant Supreme Court precedent, but reaches an opposite result. Williams v. Taylor, 529 U.S. 362, 405 (2000). A state court decision is an "unreasonable application" of clearly established law if the state court unreasonably applies controlling law, or unreasonably extends, or fails to extend, a legal principle to a new context. Id. at 407.

For a state court's adjudication to be an unreasonable determination of the facts in light of the evidence presented, "[n]ot only must the factual determination have been unreasonable, but the state court's factual findings must be shown unreasonable by clear and convincing evidence." Callahan v. Campbell, 427 F.3d 897, 926 (11th Cir. 2005). Credibility determinations are factual findings and therefore "are presumed to be correct absent clear and convincing evidence to the

contrary." Miller-El v. Cockrell, 537 U.S. 322, 340 (2003) (internal citations omitted).

To make a successful claim of ineffective assistance of counsel, a defendant must show that: (1) his counsel's performance was deficient; and (2) the deficient performance prejudiced his defense. Strickland, 466 U.S. at 687. If a defendant cannot meet one of Strickland's prongs, a court does not need to address the other prong. Holladay v. Haley, 209 F.3d 1243, 1248 (11th Cir. 2000).

In determining whether counsel gave adequate assistance, "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Strickland, 466 U.S. at 690. Counsel's performance is deficient only if it falls below the wide range of competence demanded of attorneys in criminal cases. Id. at 689. "The test for reasonableness is not whether counsel could have done something more or different; instead, we must consider whether the performance fell within the broad range of reasonable assistance at trial." Stewart v. Secretary, Dep't of Corr., 476 F.3d 1193, 1209 (11th Cir. 2007) (quotations omitted).

An attorney's "affirmative misrepresentation in response to a specific inquiry from the defendant may, however, under certain circumstances, constitute ineffective assistance of counsel." United States v. Campbell, 778 F.2d 764,

768-69 (11th Cir. 1985). The Supreme Court has acknowledged that an attorney has a duty to advise a defendant, who is considering a guilty plea, of the available options and possible sentencing consequences. Brady v. United States, 397 U.S. 742, 756 (1970); see also Beckham v. Wainwright, 639 F.2d 262, 267 (11th Cir. 1981) (holding counsel's misrepresentation that the defendant could only be sentenced to five years incarceration on withdrawal of his guilty plea fell "outside of the range of competence of attorneys in criminal cases") (internal quotations omitted); Finch v. Vaughn, 67 F.3d 909, 915-16 (11th Cir. 1995) (holding counsel's misrepresentation that the defendant's state sentence would be served concurrently with his federal sentence constituted erroneous advice and ineffective assistance of counsel). Also, we have recognized that counsel may owe a greater duty to a client who proceeds to trial than one who decides to plead guilty. See Wofford v. Wainwright, 748 F.2d 1505, 1508 (11th Cir. 1984).

The Supreme Court has defined prejudice as a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. To establish prejudice, the petitioner must show more than that the error had "some conceivable effect on the outcome of the proceeding." Stewart, 476 F.3d at 1209 (quotation omitted). Rather, the

petitioner must show that, without the erroneous actions of his counsel, the outcome of his case would have been different. Strickland, 446 U.S. at 694.

Where a defendant challenges a not-guilty plea based on ineffective assistance of counsel, he "must show that there is a reasonable probability that, but for counsel's errors, he would have pleaded guilty and would not have insisted on going to trial." Coulter, 60 F.3d at 1504 (quotation and alterations omitted). In Diaz v. United States, 930 F.2d 832, 835 (11th Cir. 1991), we held that the defendant, who had rejected the government's plea offer, failed to establish prejudice where he had cited "no evidence to indicate that prior to his conviction he expressed any desire to plead guilty." Id. at 835. We concluded that the defendant's "after the fact testimony concerning his desire to plead, without more, [was] insufficient to establish that but for counsel's alleged advice or inaction, he would have [pled guilty]." Id. (citing Johnson v. Duckworth, 793 F.2d 898, 902 n.3 (7th Cir. 1986)).

We have commented that "[t]he right to competent plea bargain advice is at best a privilege that confers no certain benefit" because a defendant "may make a wise decision" without assistance of counsel or a "bad one despite superior advice from his lawyer." Wofford, 748 F.2d at 1508. Further, plea considerations

"frequently present imponderable questions for which there are no certain answers." Id.

In the instant case, we proceed directly to the second step of the Strickland analysis, since at that step it is clear that habeas relief properly was denied, given Guerra's failure to demonstrate that he suffered prejudice from the alleged deficiency.[1] There is no indication in the record, and certainly no clear and convincing evidence, that Guerra would not have accepted the 10-year offer absent trial counsel's advice concerning a 20-year sentence. Trial counsel did not testify that Guerra would have accepted the 10-year offer at any point in the proceedings. Rather, counsel described that Guerra had limited doubts regarding his defense and had rejected prior offers. On this record, Guerra has not shown that he would have pled guilty had counsel told him that he could receive a 34-year, as opposed to a 20-year, term. Accordingly, the district court properly denied Guerra's habeas petition after finding that the state habeas court's decision was not contrary to or an unreasonable applicable of federal law (Strickland) and that the decision was not

---

[1]   We pause to note that on this record, Guerra's habeas petition fails at the first step of Strickland since, contrary to Guerra's claim in this appeal, there is no indication that trial counsel affirmatively misinformed him that he faced a 20-year maximum sentence. Rather, counsel advised Guerra that he had a "winnable case" and was "looking at twenty years." Moreover, Guerra was previously advised that he faced a potential maximum sentence of life imprisonment, if convicted of second-degree murder.

an unreasonable determination of the facts in light of the evidence presented. Accordingly, we affirm.

**AFFIRMED.**