[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPT 16, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-15085
Non-Argument Calendar

_____

D. C. Docket Nos. 04-02554-CV-CAP-1
01-00513-CR-CAP

GEORGE OLIVER,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(September 16, 2008)

Before TJOFLAT, ANDERSON and BLACK, Circuit Judges.

PER CURIAM:

Federal prisoner George Oliver ("Oliver"), proceeding pro se, appeals the

district court's denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence without holding an evidentiary hearing. On appeal, Oliver argues that he is entitled to an evidentiary hearing because his counsel, Billy L. Spruell ("Spruell"), did not inform him of a plea offer extended by the government on the eve of his trial and he meets the criteria for an evidentiary hearing in such circumstances.

This Court reviews the denial of an evidentiary hearing in a § 2255 proceeding for abuse of discretion. Aron v. United States, 291 F.3d 708, 714 n.5 (11th Cir. 2002). An evidentiary hearing must be held on a motion to vacate "unless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). However, "on habeas a federal district court need not conduct an evidentiary hearing if it can be conclusively determined from the record that the petitioner was not denied effective assistance of counsel." Diaz v. United States, 930 F.2d 832, 834 (internal quotation marks and alterations omitted). On review, the district court "must accept all of the petitioner's alleged facts as true and determine whether the petitioner has set forth a valid claim." Id. (internal quotation marks omitted).

To prevail on an effective assistance of counsel claim, a defendant must demonstrate both (1) that his counsel's performance was deficient, i.e., the

performance fell below an objective standard of reasonableness, and (2) that he suffered prejudice as a result of that deficient performance. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). To meet the deficient performance prong of the Strickland test, a defendant must show that counsel made errors so serious that he or she was not functioning as the counsel guaranteed by the Sixth Amendment. Id. at 687, 104 S.Ct. at 2064. To prove prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694, 104 S.Ct. at 2068. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.

In this case, the district court did not abuse its discretion in denying Oliver's motion without an evidentiary hearing because the record reflects that Oliver was not denied effective assistance of counsel. Accepting Oliver's alleged facts as true, Oliver's attorney failed to inform him of the government's eve-of-trial plea offer, which constitutes deficient performance.[1] See Strickland, 466 U.S. at 688, 104 S.

---

[1]Oliver's counsel, Spruell, stated in an affidavit that "neither of us" seriously considered the plea agreement offered by the government on the eve of trial. The district court interpreted that statement as implying that Oliver and Spruell had discussed the plea offer. However, Spruell stated that he did not remember discussing the plea offer with Oliver. Oliver alleges that "neither of us" referred to Spruell and his co-counsel, not Spruell and Oliver. The district court was bound to accept Oliver's allegation on this point as true. Diaz, 930 F.2d at 834. However, as discussed in the remainder of this opinion, Oliver cannot meet the prejudice prong of the ineffective assistance of counsel test.

Ct. at 2065 (stating that defense counsel has a duty "to consult with the defendant on important decisions and to keep the defendant informed of important developments in the course of the prosecution"). However, Oliver has not demonstrated prejudice as a result of his attorney's error. When a defendant challenges a not-guilty plea based on ineffective assistance of counsel, he "must show that there is a reasonable probability that, but for the counsel's errors, he would have pleaded guilty and would not have insisted on going to trial." Coulter v. Herring, 60 F.3d 1499, 1504 (11th Cir. 1995) (internal quotation marks and alterations omitted). In Coulter, this Court rejected a defendant's claim of ineffective assistance of counsel because the defendant could not show that, absent counsel's errors, he would have accepted the plea offer. Id. Here, Oliver stated only that he would have "seriously considered" the government's plea offer, which, as in Coulter, falls short of the required standard. In addition, Oliver maintained his innocence throughout trial and during his sentencing, which undermines his claim that he would have consented to a plea agreement.[2] See Diaz, 930 F.2d at 835 (rejecting defendant's claim that he would have accepted a plea agreement when he had not indicated any desire to plead guilty prior to his

---

[2] As the district court did, we afford little weight to Oliver's claim before the district court that he would have accepted the government's plea offer. This is because Oliver stated in an affidavit, under penalty of perjury, that he would have "seriously considered" the plea offer. The statement made under penalty of perjury is entitled to more weight.

4

conviction). As a result, Oliver has not established that, but for Spruell's failure to inform him of the government's proposed plea offer, the outcome would have been different. Therefore, the district court did not abuse its discretion when it denied Oliver's § 2255 motion without holding an evidentiary hearing. Accordingly, the judgment of the district court is

**AFFIRMED.**