[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAR 16, 2009
THOMAS K. KAHN
CLERK

No. 08-12270
Non-Argument Calendar

_____

D. C. Docket No. 04-01930-CV-T-23-MSS

DALE EDWARD JONES,

Petitioner-Appellant,

versus

SECRETARY, DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(March 16, 2009)

Before CARNES, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Dale Edward Jones appeals the denial of his petition for a writ of habeas corpus. 28 U.S.C. § 2254. We granted a certificate of appealability to resolve two issues: (1) whether "the district court correctly applied the deferential standard of review set out in 28 U.S.C. § 2254(d)(1)" when the record was unclear whether the state court had considered Jones's argument that he declined an offer to plead guilty based on the advice of counsel to consolidate his criminal charges; and (2) whether "the district court erred in denying [Jones's] claim that his trial counsel was ineffective for failing to correctly advise him regarding the maximum possible sentence he faced if he declined the state's plea offer and went to trial." We affirm.

## I. BACKGROUND

Jones was charged in two separate informations with five counts of lewd and lascivious acts against a minor, C.C., and four counts of lewd and lascivious acts against another minor, T.B. Fla. Stat. § 800.04. Jones moved to consolidate the cases because the "offenses charged" were "allegedly based on two or more connected or related acts." A Florida court granted Jones's motion.

Before trial, the state offered to recommend a sentence of fifteen years of imprisonment in exchange for Jones's plea of guilt. Jones rejected the offer. A jury convicted Jones of five counts involving C.C. and three counts involving T.B.

At the sentencing hearing, Jones asked the trial court to impose concurrent minimum sentences of imprisonment. Jones argued that the offenses involved an ongoing criminal episode and the trial court could not enhance his sentence as an habitual offender and impose consecutive sentences. The trial court sentenced Jones as an habitual offender to concurrent sentences of thirty years of imprisonment for the crimes against C.C. to run consecutive to a sentence of ten years of imprisonment for the crimes against T.B., followed by five years of supervised probation. The state appellate court affirmed Jones's convictions and sentences. See Jones v. State, 719 So. 2d 899 (Fla. Dist. Ct. App. 1998).

Jones later filed in a Florida court a motion for post-conviction relief. Jones alleged ineffective assistance of appellate counsel. See Fla. R. Crim. P. 3.850. The court denied relief, and the appellate court affirmed.

In 1999, Jones filed in a Florida court a second motion for post-conviction relief. Jones argued that counsel was ineffective for failing to provide accurate information necessary to evaluate the offer to plead guilty. Jones alleged that trial counsel advised him that if he were to consolidate his criminal charges, he would receive a maximum sentence of concurrent thirty-year terms of imprisonment, but if he were convicted in separate trials, he could receive consecutive thirty-year sentences. Jones made equivocal statements about whether he would have pleaded

3

guilty if counsel had told him he faced a sentence greater than thirty years of imprisonment. Jones asserted that he would have accepted the offer to plead guilty, but stated in a footnote that "the (15) years would have been easier to consider if [he] knew he was facing (60) years as opposed to the (30) . . . years [he] was led to believe he was facing . . . ." Jones later stated that he would have "definitely opted to have separate trials." Jones requested that he receive new separate trials or "in the alternative, an opportunity to re-negotiate a plea."

The trial court denied Jones's second motion. The court interpreted Jones's argument as alleging that counsel was ineffective for advising Jones to consolidate his criminal charges. The court ruled that counsel's decision to consolidate "was within the broad range of reasonably competent performance" and that Jones was not prejudiced because, even if the cases had been tried separately, "the outcome at trial would not have been any different."

Jones moved for rehearing and asked the trial court to consider his argument that he declined the offer to plead guilty based on counsel's advice. The court issued an order in which it identified both of Jones's arguments, but the court repeated its previous ruling. Jones appealed and the state appellate court affirmed summarily.

Jones filed a federal petition for a writ of habeas corpus and raised both

4

grounds of ineffectiveness of trial counsel. The district court found that counsel's advice to consolidate was a reasonable "trial strategy," and, even if unreasonable, Jones failed to prove that, but for counsel's advice he would have accepted the offer to plead guilty. The district court concluded that "[b]ased on the bare allegations presented to support this claim, the state court's rejection of this claim amounts to neither an unreasonable application of Strickland nor an unreasonable determination of the facts."

## II. STANDARD OF REVIEW

We review de novo the denial of a petition for a writ of habeas corpus. McNair v. Campbell, 416 F.3d 1291, 1297 (11th Cir. 2006). An issue of ineffective assistance of counsel presents a mixed question of law and fact that we review de novo. Id.

## III. DISCUSSION

A petitioner is entitled to a writ of habeas corpus if the state court reached a decision that was "contrary to, or involved an unreasonable application of, clearly established Federal law." 28 U.S.C. § 2254(d)(1). When the state court fails to rule on the merits of the argument, we are not required to defer to the decision of the state court. See Davis v. Sec'y for the Dep't of Corr., 341 F.3d 1310, 1313 (11th Cir. 2003). Because the state court did not address the merits of Jones's

5

argument that but for counsel's advice he would have accepted the offer to plead guilty, we review this issue with no deference to the state court decision. We nonetheless conclude that Jones is not entitled to habeas relief.

To establish ineffective assistance of counsel, a petitioner must prove that counsel provided deficient representation and that the petitioner was prejudiced by the deficient performance. Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); Cross v. United States, 893 F.2d 1287, 1290 (11th Cir. 1990). A petitioner satisfies the prejudice element if he establishes that "counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland, 466 U.S. at 686, 104 S. Ct. at 2064. In the context of a guilty plea, the prejudice inquiry "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." Hill v. Lockhart, 474 U.S. 52, 59, 106 S. Ct. 366, 370 (1985). To establish prejudice after the petitioner has rejected an offer to plead guilty, the petitioner must "establish a reasonable probability that, absent counsel's alleged ineffective assistance, he would have accepted the plea agreement." Diaz v. United States, 930 F.2d 832, 835 (11th Cir. 1991); accord Coulter v. Herring, 60 F.3d 1499, 1504 (11th Cir. 1995).

Jones contends that counsel gave erroneous advice that prejudiced the

outcome of his case. Jones argues that counsel advised him that he would receive after trial a maximum sentence of thirty years of imprisonment if he consolidated his charges when in fact he might have received a sixty year sentence. Jones argues that, but for counsel's advice, he would have accepted the offer to plead guilty to fifteen years of imprisonment. Jones's argument fails.

The record supports the finding of the district court that Jones was not prejudiced by counsel's advice because Jones failed to establish that he would have pleaded guilty had he been advised correctly about the punishment he faced. See Diaz, 930 F.2d at 835 ("[A]fter the fact testimony concerning [the] desire to plead, without more, is insufficient to establish that but for counsel's alleged advice or inaction, [the defendant] would have accepted the plea offer."). Jones stated in his petition for a writ of habeas corpus that counsel's advice "played a key part," not that it was the deciding factor that motivated him to reject the offer to plead guilty. Jones told the state courts that, had he known he faced consecutive sentences of imprisonment, he would have demanded separate trials, and Jones requested new trials as a remedy for counsel's allegedly deficient conduct, even though Jones would again face a potential sixty year sentence after separate trials. The record establishes that Jones wanted and is still willing to risk greater punishment for the possibility of an acquittal.

## IV. CONCLUSION

The denial of Jones's petition is **AFFIRMED**.