[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-15423
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 19, 2009
THOMAS K. KAHN
CLERK

D. C. Docket Nos. 08-00563-CV-T-30-MSS, 04-00457-CR-T-3

JUAN BAUTISTA LUGO,

Petitioner,

versus

UNITED STATES OF AMERICA,

Respondent.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(October 19, 2009)

Before EDMONDSON, CARNES and KRAVITCH, Circuit Judges.

PER CURIAM:

Juan Bautista Lugo, a federal prisoner, appeals the district court's decision

denying his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. We granted a certificate of appealability on two issues: (1) "[w]hether Lugo established that his counsel was ineffective for failing to communicate a plea offer to him," and (2) "[w]hether Lugo established that his counsel was ineffective for acting under a conflict of interest." Lugo contends that his trial attorney failed to inform him of a plea offer from the government. He also contends that his court-appointed trial attorney had a financial conflict of interest because Lugo's family had refused his offer to retain him as private counsel.

I.

In a 28 U.S.C. § 2255 proceeding, we review the district court's legal conclusions de novo and its findings of fact for clear error. Devine v. United States, 520 F.3d 1286, 1287 (11th Cir. 2008). A claim of ineffective assistance of counsel is a mixed question of law and fact that we review de novo. Id. We give "substantial deference to the factfinder . . . in reaching credibility determinations with respect to witness testimony." United States v. McPhee, 336 F.3d 1269, 1275 (11th Cir. 2003) (quotation marks omitted).

Under Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984), a defendant claiming ineffective assistance of counsel must show (1) that counsel's performance was deficient, and (2) that the deficient performance

prejudiced the defense. Id. A petitioner seeking relief under § 2255 on the basis of ineffective counsel must succeed on both prongs of the Strickland test. Butcher v. United States, 368 F.3d 1290, 1293 (11th Cir. 2004).

Strickland applies not only to trial performance, but also to counsel's advice on plea decisions. Coulter v. Herring, 60 F.3d 1499, 1503–04 (11th Cir. 1995) (citing Hill v. Lockhart, 474 U.S. 52, 58, 106 S. Ct. 366, 370 (1985)). In this case, the first prong of Strickland requires Lugo to show by a preponderance of the evidence that his decision not to plead guilty was not voluntary because he received advice from counsel that was below the range of competence demanded of attorneys in criminal cases. See Hill, 474 U.S. at 56-58, 106 S. Ct. at 369–70; Gallo-Chamorro v. United States, 233 F.3d 1298, 1303 (11th Cir. 2000) (stating a preponderance standard for proving deficient performance). The second prong requires Lugo to "establish that 'counsel's constitutionally ineffective performance affected the outcome of the plea process,'" meaning that Lugo "'must show that there is a reasonable probability that, but for counsel's errors, he would have pleaded guilty and would not have insisted on going to trial.'" Coulter, 60 F.3d at 1504 (quoting Hill, 474 U.S. at 59, 106 S. Ct. at 370 (alteration omitted)).

Failing to communicate a plea offer is, at a minimum, inconsistent with counsel's duty to "consult with his client on important decisions and to keep him

informed of important developments in the course of the prosecution." Diaz v. United States, 930 F.2d 832, 834 (11th Cir. 1991).  But even if such a failure necessarily constitutes "deficient performance" under Strickland, see Johnson v. Duckworth, 793 F.2d 898, 900 (7th Cir. 1986), Lugo's claim fails because he cannot show that he was prejudiced by his counsel's alleged omission.

Although the district court never resolved the dispute over whether or not Lugo's counsel informed him of the government's written plea offer, the court found that counsel did in fact meet with Lugo to discuss in general terms the possibility of pleading guilty, and that Lugo refused and insisted on going to trial. The government's proposed deal offered little more than Lugo could have gotten by pleading guilty without any agreement.  In either case Lugo would have been eligible for a three-level reduction in return for acceptance of responsibility and timely notification of intent to plead guilty.  The government promised to recommend a sentence at the low end of the guidelines range, and Lugo actually received that same low-end sentence.  The only additional benefit the government offered was the possibility of further reduction if Lugo provided "substantial assistance" to the prosecution.  While Lugo now claims he would have accepted that deal had he known about it, his attorney testified that Lugo not only refused to consider cooperating with the government but in fact became offended at any

4

suggestion that he might do so. The district court, whose determinations of credibility are entitled to substantial deference, did not clearly err in finding that Lugo would have rejected the government's offer if counsel had told him about it. Because Lugo has not demonstrated that he was prejudiced by his attorney's failure to inform him of the plea offer, he has failed to establish that his right to counsel was impaired.

## II.

We review de novo a petitioner's contention that his attorney provided ineffective assistance due to a conflict of interest. Caderno v. United States, 256 F.3d 1213, 1218 (11th Cir. 2001). Under Cuyler v. Sullivan, 446 U.S. 335, 348, 100 S. Ct. 1708, 1718 (1980), the petitioner must prove both that (1) his attorney had an actual conflict of interest, and (2) the conflict adversely affected the attorney's performance. Reynolds v. Chapman, 253 F.3d 1337, 1342 (11th Cir. 2001).

Lugo argues that his counsel had a financial conflict of interest stemming from the refusal of Lugo's family to hire him as a private attorney. To satisfy the first prong of Cuyler, however, Lugo cannot merely show the "possibility" of a conflict, but "must establish that an actual financial conflict existed by showing that his counsel actively represented his own financial interest." Caderno, 256

5

F.3d at 1218.  Lugo must be able to point to specific evidence in the record showing that his attorney actually made decisions that benefitted the attorney but harmed the client.  See Reynolds, 253 F.3d at 1343 (quoting Smith v. White, 815 F.2d 1401, 1404 (11th Cir. 1987)).  To meet the second prong of Cuyler, Lugo must show that the conflict adversely affected his attorney's performance by demonstrating that (1) his attorney could have pursued a plausible alternative strategy, (2) the alternative strategy was reasonable, and (3) the alternative strategy was not followed because it conflicted with the attorney's own interests.  See id.

While Lugo did present evidence that his appointed trial counsel had unsuccessfully tried to solicit Lugo's family to retain him privately, he has not shown that his counsel's performance suffered as a result of that attempt.  Aside from counsel's failure to inform him of the plea offer—which, the district court found, Lugo would have rejected anyway—Lugo makes no specific complaints about the quality of his representation.  As the district court noted, Lugo's attorney put on a "vigorous" defense throughout the proceedings, moving to suppress evidence and successfully challenging a sentencing enhancement.  Lugo offers nothing to suggest that his attorney gave the case anything less than his best efforts, and so he has failed to overcome the usual presumption that his counsel "subordinate[d] his . . . pecuniary interests and honor[ed] his . . . professional

6

responsibility to [his] client." <u>Caderno</u>, 256 F.3d at 1219 (quotation marks omitted).

**AFFIRMED.**