[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-14477
Non-Argument Calendar

_____

D.C. Docket Nos. 1:09-cv-01717-JEC,
1:06-cr-00406-JEC-3

ADAM HARRY DENNEY,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(August 4, 2015)

Before HULL, ROSENBAUM and BLACK, Circuit Judges.

PER CURIAM:

Adam Denney, a federal prisoner represented by counsel, appeals the district court's denial of his motion to vacate, 28 U.S.C. § 2255.  Denney received a 30-month sentence after a jury convicted him of one count of conspiracy to commit bank fraud, 18 U.S.C. § 371, and one count of loan application fraud, 18 U.S.C. § 1014.  After review,[1] we affirm the district court.

The district court concluded trial counsel's performance was deficient under *Strickland v. Washington*, 466 U.S. 668 (1984), because he failed to discuss with Denney the sentencing benefits of pleading guilty "straight up"—pleading guilty as charged in the indictment and without a plea agreement from the Government.  However, the court denied habeas relief because Denney was not prejudiced by counsel's performance.  The court determined there was not a reasonable probability Denney would have pleaded guilty had he received constitutionally competent advice.  The court based this prejudice determination on the following findings:  (1) Denney was not actually relying on trial counsel's advice in making strategic decisions regarding his case; and (2) a competent attorney would have advised the potential benefit Denney could expect to receive by pleading guilty would have been a sentence only 13 months shorter than one imposed after a trial.

---

[1]  With regard to a district court's denial of a motion to vacate under 28 U.S.C. § 2255, we review legal conclusions *de novo* and findings of fact for clear error.  *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004).  A claim of ineffective assistance of counsel is a mixed question of law and fact subject to *de novo* review.  *Caderno v. United States*, 256 F.3d 1213, 1216-17 (11th Cir. 2001).

On appeal, Denney challenges this prejudice determination, arguing trial counsel's deficient performance was based on the fact he was not familiar with the federal Sentencing Guidelines and if he had been he would have been able to persuade Denney to plead guilty. Thus, but for counsel's deficient performance, the outcome of the proceeding would have been different because Denney would have pleaded guilty and received a lesser sentence.

The Sixth Amendment gives criminal defendants the right to effective assistance of counsel. U.S. Const. amend. VI; *Strickland*, 466 U.S. at 684-86. To prevail on a claim of ineffective assistance of counsel, the defendant must demonstrate: (1) his counsel's performance was deficient, i.e., the performance fell below an objective standard of reasonableness; and (2) he suffered prejudice as a result of that deficient performance. *Strickland*, 466 U.S. at 687-88. Prejudice is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A reasonable probability is one sufficient to undermine confidence in the outcome. *Id.* It is not enough for the defendant to show the error had some conceivable effect on the outcome of the proceeding. *Id.* at 693.

Where a defendant challenges a not-guilty plea based on ineffective assistance of counsel, he "must show that there is a reasonable probability that, but for counsel's errors, he would have pleaded guilty and would not have insisted on

3

going to trial." *Coulter v. Herring*, 60 F.3d 1499, 1504 (11th Cir. 1995) (quotations and alterations omitted). In *Coulter*, we held the petitioner failed to establish prejudice where, although a counteroffer indicated a willingness to enter into a plea agreement, there was no further proof the defendant would have entered into the plea that was actually offered. *Id.*

Further, in *Diaz v. United States*, 930 F.2d 832, 835 (11th Cir. 1991), we held the defendant, who rejected the government's plea offer, failed to establish prejudice where he had cited "no evidence to indicate that prior to his conviction he expressed any desire to plead guilty." This Court concluded the defendant's "after the fact testimony concerning his desire to plead, without more, [was] insufficient to establish that but for counsel's alleged advice or inaction, he would have accepted the plea offer." *Id.*

The district court did not err in determining Denney was not prejudiced by trial counsel's performance. First, it was not clear error to determine a prudent defense attorney would have (1) projected a sentence after a jury conviction of between 46 and 57 months; (2) projected a sentence based on a guilty plea of between 33 and 41 months; and (3) thus counseled the sentencing benefit of pleading guilty versus going to trial would only be 13 months.

Second, it was not clear error to discredit Denney's post-conviction assertion he was a passive participant in the decision to proceed to trial. Denney maintained

his innocence throughout trial, perjured himself at trial by presenting a false alibi and bank statements that purportedly corroborated the false alibi, and had his wife give the same false alibi testimony.  These actions do not reflect passivity.  Thus, the district court did not err in concluding Denney was not actually relying on trial counsel's advice.  Based on those two findings—that (1) a prudent defense attorney would have counseled Denney a guilty plea would give him a sentence 13 months shorter than proceeding to trial and (2) Denney was not actually relying on counsel's advice—the court did not err in concluding there was not a reasonable probability that, but for trial counsel's deficient performance, Denney would have pleaded guilty.

**AFFIRMED.**