[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-14605
Non-Argument Calendar
_____

D.C. Docket No. 5:10-cv-00155-RS-CJK
5:08-cr-00022-RS-CJK-2


ELIJAH JAMES CHISOLM,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.


_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(February 3, 2016)

Before TJOFLAT, HULL and JULIE CARNES, Circuit Judges.

PER CURIAM:

On June 3, 2008, Elijah James Chisolm, Jonathan Cellen Bolware and Floyd

Kimball were charged in a multi-count superseding indictment with conspiring to

distribute and possess with intent to distribute more than fifty grams of crack cocaine, in violation of 21 U.S.C. § 846.  Chisolm was also charged in three counts of distributing crack cocaine and one count of distributing cocaine, in violation of 21 U.S.C. § 841(a)(1).  On June 30, 2008, Bolware and Kimball each pled guilty to the conspiracy count pursuant to a "Plea and Cooperation Agreement," in which they agreed to cooperate with the government.[1]  They were sentenced on October 1, 2008.  Bolware received the mandatory life sentence called for by his plea agreement.[2]  Kimball was imprisoned for a term of 120 months.[3]  Chisolm, maintaining that he was not guilty, stood trial on January 9, 2009.[4]

---

[1] *United States v. Bolware,* Case No. 5:08-00022 (N.D. Fla.) Docs. 59 (Kimball agreement) and 63 (Bolware agreement).  The agreements provided that "[the defendant's] cooperation shall include but is not limited to providing complete and truthful debriefings and testimony at grand jury, trial, and as otherwise requested, involving any matter under investigation."  Kimball agreed to cooperate with the government shortly after his arrest.  His cooperation influenced Bolware to cooperate as well.  *Id.*  Doc. 211 at 1 (Motion Concerning Substantial Assistance, filed by the government on behalf of Bolware under Fed. R. Crim. P. 35).

[2] Bolware's Plea and Cooperation Agreement called for a mandatory life sentence, with the proviso that if the government was satisfied with the assistance Bolware provided, it would to move the District Court for a sentence reduction pursuant to Fed. R. Crim. P. 35(b).  On August 27, 2013, the government moved the District Court pursuant to Rule 35 to reduce Bolware's sentence due to his cooperation.  On November 21, 2013, the court granted the motion and reduced Bolware's sentence to 240 months.  *See United States v. Bolware,* Case No. 5:08-00022 (N.D. Fla.) Docs. 211, 228.

[3] Kimball's Plea and Cooperation Agreement was similar to Bolware's, except that it called for a statutory minimum sentence of 240 months' imprisonment.  At sentencing, the government moved the District Court pursuant to 18 U.S.C. § 3553(e) to sentence Kimball to a sentence below the statutory minimum,.  The court granted its motion and sentenced Kimball to

2

Chisolm was convicted on all counts and sentenced to concurrent terms of life imprisonment on four counts, under 21 U.S.C. §§ 841(b), 851, and 360 months on one count. He appealed his convictions and sentences.[5] We affirmed. *United States v. Chisolm,* 367 Fed.Appx 43 (11th Cir. 2010).

After his convictions and sentences were affirmed, Chisolm moved the District Court for relief under 28 U.S.C. § 2255, challenging his convictions on nine grounds and his sentences on four. The District Court denied his motion without an evidentiary hearing. He appeals the decision. We entertain his appeal on the two issues cited in the certificate of appealability we issued: whether Chisolm's trial counsel was ineffective for failing to communicate the Government's plea offer to the Chisolm and whether the District Court erred in denying this claim.

A prisoner is not entitled to an evidentiary hearing on a motion for § 2255 relief unless the allegations of his motion are "affirmatively contradicted by the record, or the claims are patently frivolous." *Aron v. United States*, 291 F.3d 708, 715 (11th Cir. 2002). Chisolm stated the ineffective assistance claim at issue here

---

prison for 120 months. *See United States v. Bolware,* Case No. 5:08-00022 (N.D. Fla.) Docs. 59 and 87.

[4] Bolware testified for the prosecution at Chisolm's trial.

[5] Chisolm challenged his life sentences on the ground that "the district court erred in sentencing him to a term of life imprisonment based upon a sentencing enhancement under 21 U.S.C. § 851(a)." *United States v. Chisolm,* 367 Fed.Appx 43, *44 (11th Cir. 2010).

in the Memorandum in Support of 28 U.S.C. § 2255 Motion for Relief he submitted to the District Court. The memorandum described the claim thusly:

> [T]trial counsel failed to inform Movant of the government plea offer before he went to trial. Had counsel informed Movant of this plea offer Movant would not have proceed[ed] to trial. Movant was unaware of the government offer until after trial when counsel inform[ed] movant that the government had offer[ed] a plea bargain. *Had Movant kn[own] of the government plea [offer] Movant would have accepted the plea offer for a lesser sentence than life in prison.*
> Had Movant accepted the plea offer, *the government would not have filed enhanced penalty* and if the government had tried to seek enhanced penalties after the offer had been accepted it would have been precluded from doing to under the plea agreement. Without subjection to a mandatory penalty based on narcotics convictions he sustained in 1992 and 1997 Movant['s] sentence would have been far less than Four life sentence[s].[6]

Doc 182 at 30 (emphasis added). According to this memorandum, the government's plea offer was that if Chisolm plead guilty to the conspiracy charge,[7] the government would not seek a sentencing enhancement by filing a Notice of Intent to Seek Enhanced Sentences under 21 U.S.C. § 851(a).

---

[6] Chisolm's reference to "enhanced penalty" is a reference to 21 U.S.C. § 851, *see Chisolm,* 367 Fed.Appx. *44, which states:
> (a) Information filed by United States Attorney
> (1) No person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon.

21 U.S.C. § 851. Proceedings to establish prior convictions.

[7] Chisolm's motion does not indicate the terms of the plea offer other than it contained a promise that he would receive a sentence of less than life imprisonment.

The government opposed Chisolm's motion.  Its Opposition to Motion to Vacate, stated:

> Defendant argues that his counsel failed to communicate a plea offer under which he would have faced less than life in prison.  The only plea offer the government made was the same that co-defendant Bolware accept: plead to a mandatory life sentence and try to work for substantial subsistence.  Having watched his good friend and co-defendant accept this offer and testify under it, defendant knew the terms of the government's offer.
>
> Defendant somehow conceives that he could have avoided the filing of a sentencing enhancement by a quick plea of guilty.  Defendant was added [to the indictment] by the Superseding Indictment returned June 3, 2008.  The government's information and Notice of Intend to Seek Enhanced Sentences was filed on June 10, 2008, six days before defendant's arraignment.  There was never an opportunity for defendant to plead without the enhancement being filed. . . .  Moreover, in this case, any plea had to be delayed until potential issues concerning defendant's mental condition were resolved.[8]

Doc. 191 at 19-20.

Chisolm's Reply Memorandum said:

> The Government states the only plea offer the government made was the same the co-defendant Bolware accepted: plead to a mandatory life sentence and try to work for substantial assistance.  Had trial counsel inform[ed] Movant of this deal Movant surely would have accepted this deal and would have surely work[ed] the time off and do[ne] whatever the Government wanted him to do to see the street again. . . . Had trial counsel inform[ed] Movant of this plea offer Movant would not have proceed[ed] to trial.

Doc. 194 at 24-25.

---

[8] Following Chisolm's arraignment, the government moved the District Court to have Chisolm examined for competency to stand trial.  The motion was granted, he was examined, and the court subsequently found him competent.

Chisolm's memorandum supporting his motion alleges that his attorney never informed him of the plea offer the memorandum describes. A defendant's Sixth Amendment right to the effective assistance of counsel extends to counsel's obligation to communicate the terms of a plea offer to his client. *Padilla v. Kentucky,* 559 U.S. 356, 130 S. Ct. 1473, 176 L. Ed.2d 284 (2010). All the record contains about counsel's performance is the statement in the memorandum Chisolm filed in support of his motion: "trial counsel failed to inform Movant of the government plea offer before he went to trial." And that in exchange for a plea of guilty, he would receive "a lesser sentence than life in prison."

A claim such as Chislom's is judged under the two-part *Strickland* test.[9] *Hill v. Lockhart,* 474 U.S. 52, 57, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). *Missouri v. Frye*, 566 U.S. ___, ___, 132 S. Ct. 1399, 1405, 182 L. Ed. 2d 379 (2012). Since, other than Chisolm's allegation, the record is silent as to defense counsel's performance, we assume for sake of argument that Chisolm has established the first prong of *Strickland's* test, deficient performance, *see Strickland v. Washington*, 466 U.S. 668, 688-89, 104 S. Ct. 2052, 2065, 80 L. Ed. 2d 674 (1984); counsel failed to inform him of the government's offer. The question thus becomes whether Chisolm satisfied *Strickland's* prejudice prong. In the context

---

[9] *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).

6

the instant case presents, *Missouri v. Frye* instructs that a prisoner must show that (1) but for his counsel's ineffective assistance there was a "reasonable probability" he would have pled guilty, (2) the court would have accepted the plea, and (3) "a reasonable probability that the end result of the criminal process would have been more favorable." *Id*. at ___, 132 S. Ct. at 1409.

Chisolm's reply to the government's response to his motion is that he would have accepted a mandatory life sentence in exchange for a plea of guilty and a promise to cooperate---the same deal Bolware got.  He represents that he "would have done whatever the Government wanted him to do."  That, of course, would involve identifying his cocaine suppliers and the scores of individuals with whom he trafficked cocaine and crack during the more than ten years before he got into business with Bolware,[10] appearing before the grand jury, and then testifying at the trials of any who were indicted.

_____

[10] In rejecting Chisolm's appellate argument that the evidence was insufficient to convict him of conspiracy to traffic in crack cocaine, this court said this:

> The evidence presented at trial . . . was sufficient to sustain Chisolm's convictions. Dewayne Lamar Johnson, who was cooperating with law enforcement, set up three controlled buys of cocaine base with Chisolm. On April 10, 2008, Johnson made a controlled buy, which was recorded on audio and video, of 19.6 grams of 37.2% pure cocaine base for $900 from Chisolm. On April 11, 2008, Johnson made another controlled buy, which was recorded on video, of 20.5 grams of 41.3% pure cocaine base for $1,350 from Chisolm. Deputy Ramie, who had seen Chisolm on 20 to 25 other occasions, identified Chisolm as the individual in the video of the incidents on April 10 and 11 with "100 percent" certainty. On April 27, 2008, Johnson made his third controlled buy of 12.1 grams of 60.8% pure cocaine base from Chisolm. Though this third buy was not recorded, Officer Retherford testified that he was surveilling Johnson during the buy and saw

Bolware and Kimball entered into a Plea and Cooperation Agreement with the government on June 30, 2008, six months before Chisolm stood trial. The agreements were a matter of public record.[11] Chisolm surely anticipated that they would provide the government with voluminous information about his drug trafficking enterprise and then testify against him at his trial.

Bolware and Kimball were sentenced on October 1, 2008, three months before Chisolm's trial began. Bolware received a mandatory life sentence. Chisolm knew that the cooperation Bolware had provided the government prior to that date was insufficient to prompt the government to move the District Court pursuant to 18 U.S.C. § 3553(e) to impose a sentence below the statutorily mandated life sentence. Bolware would have to do more, including testifying at Chisolm's trial, before the government would move the District Court to reduce his sentence.

Chisolm and his lawyer surely discussed Bolware's situation and the substantial assistance he would have to provide the government if he entered into a

---

Chisolm following Johnson to Johnson's house in their respective vehicles and Deputy Ramie saw Chisolm arrive at Johnson's house, and enter Johnson's car for a short while before returning to his car.

*Chisolm,* 367 Fed.Appx at *45. Bolware testified that after he got out of prison in the Spring of 2006, Chisolm proposed that they enter the drug business together. Presentence Report at ¶ 13. Over the next two years, they purchase over 50 kilograms of cocaine powder. Bolware testified that Chisolm had been trafficking drugs for over 10 years. *Id.* at ¶ 15.

[11]   *See supra* note 1.

8

Plea and Cooperation Agreement like Bolwoare's and Kimball's. Noticeably absent from the Reply Memorandum Chisolm filed in response to the government's Opposition to Motion to Vacate is a statement that Chisolm told his lawyer that he wanted the same deal Bolware received, but his lawyer ignored his demand. What the record does contain is Chisolm's "after the fact testimony"[12]---his initial statement, that he wanted to plead in exchange for a lesser than life sentence, and his second statement (given that the government never agreed to a lesser than life arrangement), that he wanted to plead in exchange for a mandatory life sentence and the government's promise to seek at some time in the future a Rule 35(b) reduction of sentence for all the substantial assistance he would provide.

In sum, Chisolm's memoranda in support of his motion and in reply to the government's opposition do not, considered in the light of the record in this case, establish *Strickland's* prejudice prong, as expressed in *Missouri v. Frye,* that but for his counsel's ineffective assistance there is a "reasonable probability" that he would have agreed to a mandatory life sentence in exchange for the government's promise to seek a sentence reduction based on his substantial cooperation.[13] If his convictions were vacated and, like Bolware, he pled guilty to the conspiracy

---

[12] *Diaz v. United States,* 930 F.2d 832, 835 (11th Cir. 1991).

[13] In theory, beginning the moment after his conviction, Chisolm could have begun cooperating with the government in the hope of a sentence reduction. A Rule 35(b) motion does not require as a condition precedent that the cooperation be provided under a plea agreement.

9

charge, he would be sentenced to a mandatory term of life imprisonment---in effect, the sentence that is now in place.  After he saw the sentence Bolware received notwithstanding his cooperation---mandatory life---any thoughts Chisolm may have had about pleading guilty ceased.

AFFIRMED.