[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-13339
Non-Argument Calendar

_____

D.C. Docket Nos. 1:15-cv-01227-WSD,
1:10-cr-00310-ELR-JFK-2

INGER L. JENSEN,

Petitioner–Appellant,

versus

UNITED STATES OF AMERICA,

Respondent–Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(July 15, 2019)

Before ED CARNES, Chief Judge, MARCUS, and ROSENBAUM, Circuit
Judges.

PER CURIAM:

Inger Jensen appeals the district court's denial of her 28 U.S.C. § 2255 motion to vacate her sentence.  We granted her a certificate of appealability on the issue of whether the district court erred in rejecting, without first ordering an evidentiary hearing, her claim that her trial counsel was ineffective for failing to negotiate and communicate a plea offer.

"We review the district court's denial of an evidentiary hearing in a § 2255 proceeding for abuse of discretion."  Winthrop-Redin v. United States, 767 F.3d 1210, 1215 (11th Cir. 2014).  Section 2255 requires the district court to hold an evidentiary hearing on a prisoner's § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."  28 U.S.C. § 2255(b).  This means that a district court must hold a hearing if the movant has alleged "reasonably specific, non-conclusory facts that, if true, would entitle h[er] to relief," but it "need not hold a hearing if the allegations are patently frivolous, based upon unsupported generalizations, or affirmatively contradicted by the record."  Winthrop-Redin, 767 F.3d at 1216 (quotation marks omitted).

An attorney is considered constitutionally ineffective if (1) his "performance was deficient" and (2) that "deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984).  And while "there is no constitutional right to plea bargain," Weatherford v. Bursey, 429 U.S. 545, 561

2

(1977), prejudice can be shown if "there is a reasonable probability that, but for counsel's errors, [the movant] would have pleaded guilty and would not have insisted on going to trial," Coulter v. Herring, 60 F.3d 1499, 1504 (11th Cir. 1995) (quotation marks and alterations omitted).  A movant must also show a reasonable probability that but for counsel's ineffectiveness the plea offer would have been presented to the court, the court would have accepted it, and "the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed."  Osley v. United States, 751 F.3d 1214, 1222 (11th Cir. 2014) (quoting Lafler v. Cooper, 566 U.S. 156, 164 (2012)).

Jensen alleged in her § 2255 motion that her trial counsel was deficient because he "fail[ed] to obtain a pre-trial plea offer from the Government" and "fail[ed] to present such a plea offer to [her]."  She asserts that "there was no discussion regarding a potential plea," but that if a plea had been negotiated, and if she had "been advised of the possibility of reduced charges and a shorter sentence . . . as well as the consequences of rejecting the plea and proceeding to trial, there is a reasonable probability that she would have accepted the plea."

The district court did not abuse its discretion by denying Jensen an evidentiary hearing.  She did not present "reasonably specific, non-conclusory facts" showing a reasonable probability that she would have pleaded guilty if her

3

trial counsel had secured a formal plea offer and communicated that offer to her.[1] Winthrop-Redin, 767 F.3d at 1216 (quotation marks omitted).  True, Jensen asserted in her motion that "there is a reasonable probability that she would have accepted the plea," referring to a hypothetical plea offer the government did not make.  Merely restating the standard is not the same as meeting it.  And Jensen did not allege in her motion that she ever told her attorney that she was interested in pleading guilty or that she ever asked him to pursue a plea deal.  Nor did she allege in that motion that there existed a formal plea offer from the government that her attorney did not share with her.  Cf. Missouri v. Frye, 566 U.S. 134, 145 (2012) (holding that defense counsel "has the duty to communicate formal offers from the prosecution").  A district court is not required to hold an evidentiary hearing based only on a movant's "own conclusory after-the-fact assertion[s]."  Rosin v. United States, 786 F.3d 873, 879 (11th Cir. 2015); see id. at 878 (holding that "because [defendant] did not allege that he would have accepted a guilty plea and abstained

---

[1] The district court stated that "there is simply not enough evidence in the record to permit the Court to conclude that, but for her counsel's errors, [Jensen] would have pled guilty to some unknown and unsubstantiated offer, would not have insisted on going to trial, that the plea would not have been canceled by the prosecution, and that the district court would have accepted the plea."  That was a misstatement because the question before the court was not whether there was enough evidence in the record to substantiate Jensen's claims, but whether Jensen had pleaded sufficient facts that, if true, would show that she was prejudiced by her attorney's allegedly deficient performance.  See Winthrop-Redin, 767 F.3d at 1215–16.  Still, that error was harmless because Jensen did not allege such facts.  See Rivers v. United States, 777 F.3d 1306, 1316 (11th Cir. 2016) ("An error is harmless if it had no substantial influence on the outcome.").

4

from proceeding to trial but for the alleged errors of his trial counsel, [he] has failed to show that the alleged errors prejudiced him").

Jensen's argument has evolved since her initial motion, but that evolution has not made a hearing any more necessary. In response to Jensen's motion, the government submitted an affidavit from Jensen's trial counsel stating that: (1) "there were no formal plea offers presented . . . from the prosecution on behalf of Ms. Jensen to resolve the case," (2) Jensen's co-defendant had been offered a plea deal with a "5 year 'cap' on prison time," but Jensen was "not interested in pursuing" a similar deal, and (3) Jensen had asked the attorney to "secure an offer from the prosecution that guaranteed no prison time," but the government would not agree to such an offer. In her reply brief before the district court, Jensen attached an email from her trial counsel that she claimed contradicted his affidavit. In that email, which the attorney sent when he and Jensen were discussing her direct criminal appeal, the attorney stated: "As we spoke of earlier, you were given an offer in the case. You did not want any offer that would result in anything other than probation. Probation was never an option." (Emphasis added.) Jensen also asserted that her trial counsel did not adequately explain to her the details of her co-defendant's plea offer (which seems to be the informal offer referenced in the email). At the time, she said, she thought the offer was that her co-defendant "would be capped at 5 years imprisonment, but that if he took the

5

plea the charges against Jensen would be completely dismissed." Jensen argued that her attorney was deficient for not persuading her that she was being unrealistic in asking for a probation-only offer. And she was prejudiced by his failure to do so, she contended, because but for his deficiency she would have been able to make "an informed decision on whether to proceed to trial."

Those additional arguments still do not provide sufficient factual allegations that warrant a hearing. While in her initial motion she asserted that "there was no discussion regarding a potential plea," she now relies on her trial counsel's affidavit to show that she "did, in fact, ask [her attorney] to attempt to secure a plea offer prior to trial." But according to that same affidavit, the plea offer she asked her attorney to secure was one without prison time. She does not dispute that, nor does she dispute that the government would have rejected, or did reject, that request. She says only that her attorney should have done a better job explaining to her what her co-defendant's plea offer was and persuading her to take a similar offer. But again, her after-the-fact testimony concerning her desire to plead, without more, is insufficient to establish that but for counsel's alleged advice or inaction, she would have accepted a plea offer that the government was willing to make. Diax v. United States, 930 F.2d 832, 835 (11th Cir. 1991).

**AFFIRMED.**

6