[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Oct. 3, 2011
JOHN LEY
CLERK

No. 10-15967
Non-Argument Calendar
_____

D.C. Docket No. 1:09-cv-03597-WCO

WALTON JORDAN,

Plaintiff-Appellant,

versus

GWINNETT COUNTY,
SHERIFF R. L. (Butch) CONWAY,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(October 3, 2011)

Before HULL, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Walton Jordan appeals the district court's grant of summary judgment in favor of the Gwinnett County Sheriff's Department and Sheriff R. L. Conway, and the court's dismissal of Gwinnett County as a defendant in his *pro se* employment discrimination action filed pursuant to the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621; and Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et. seq.* Jordan, a former deputy with the Gwinnett County Sheriff's Department, alleged that he was terminated based on his age and religion. The evidence produced in the district court showed that Jordan was terminated after appearing at his ex-wife's church, the Word of Faith Church, on February 10, 2008, despite having been told by the pastor on previous occasions not to return. Jordan confronted the pastor, the police were called, and Jordan eventually was arrested on a criminal trespass charge. Subsequently, the Gwinnett County Sheriff's Department conducted an internal investigation and ordered Jordan not to return to the church. Jordan was terminated, although he was acquitted of the criminal trespass charge. Jordan appealed his termination to the Gwinnett County Merit Board, and, after a hearing, the Merit Board upheld the termination decision.

On appeal, the defendants argue that Jordan abandoned his age discrimination claim. Jordan argues that the district court erred in granting the

defendants' motion for summary judgment with respect to his religious discrimination claim. He also contends that the court erred in dismissing Gwinnett County as a defendant and in refusing to consider evidence that he submitted in opposition to the defendants' motion for summary judgment.

### A. Abandonment of Age Discrimination Claim

Although we construe *pro se* briefs liberally, "issues not briefed on appeal by a *pro se* litigant are deemed abandoned." *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008); *see Greenbriar, Ltd. v. City of Alabaster*, 881 F.2d 1570, 1573 n.6 (11th Cir. 1989) (providing that passing references to issues are insufficient to raise a claim on appeal). A party's "mere statement in his reply brief that he did not abandon . . . additional claims is insufficient to raise them on appeal." *Diaz v. United States*, 930 F.2d 832, 834 n.1 (11th Cir. 1991).

Even if Jordan's *pro se* appellate brief is construed liberally, the few passing references that he makes to his age discrimination claim fail to preserve the claim on appeal. Furthermore, Jordan's argument in his reply brief that he did not abandon the issue on appeal is insufficient to preserve the issue. Accordingly, we do not address Jordan's age discrimination claim because he has abandoned the issue.

### B. Religious Discrimination

3

We review a district court's grant of summary judgment *de novo*, viewing all evidence and drawing all reasonable inferences in favor of the non-moving party. *Galvez v. Bruce*, 552 F.3d 1238, 1241 (11th Cir. 2008). Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a).

Title VII makes it unlawful for an employer to discharge an employee on the basis of the employee's religion. 42 U.S.C. § 2000e-2(a)(1). "Religion" is defined to include "all aspects of religious observance and practice, as well as belief, unless an employer demonstrates that he is unable to reasonably accommodate . . . an employee's . . . religious observance or practice without undue hardship on the conduct of the employer's business." 42 U.S.C. § 2000e(j). A plaintiff may establish a Title VII claim through the introduction of direct evidence of discrimination or circumstantial evidence that creates an inference of discrimination. *Hinson v. Clinch Cnty. Bd. of Educ.*, 231 F.3d 821, 827 (11th Cir. 2000).

When Title VII claims are supported by circumstantial evidence, we apply the burden-shifting framework articulated in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S. Ct. 1817 (1973). *Brooks v. Cnty. Comm'n of Jefferson Cnty.*,

4

446 F.3d 1160, 1162 (11th Cir. 2006). Under this framework, the plaintiff bears the initial burden of establishing a *prima facie* case of discrimination. *Id.* A plaintiff may establish a *prima facie* case of religious discrimination "by presenting evidence sufficient to prove that (1) he had a *bona fide* religious belief that conflicted with an employment requirement; (2) he informed his employer of his belief; and (3) he was discharged for failing to comply with the conflicting employment requirement." *Morrissette-Brown v. Mobile Infirmary Med. Ctr.*, 506 F.3d 1317, 1322 (11th Cir. 2007).

The district court did not err in finding that Jordan failed to establish a *prima facie* case of religious discrimination based on circumstantial evidence. No one from the Sheriff's Department ordered Jordan to stay away from the Word of Faith Church until after the February 10, 2008, incident. Jordan testified at the Merit Board hearing that he never returned to the church after February 10, 2008, and there is nothing in the record to indicate otherwise. Therefore, Jordan could not have been terminated for failing to comply with the Sheriff's Department's requirement that he avoid the church.

C. Dismissal of Gwinnett County

We review *de novo* the district court's dismissal of an improper defendant. *See First Vagabonds Church of God v. City of Orlando*, 638 F.3d 756, 760 (11th

Cir. 2011) (noting that we review questions of law *de novo*); *Baptista v. JP Morgan Chase Bank*, 640 F.3d 1194, 1196 (11th Cir. 2011) (reviewing *de novo* the district court's grant of the defendant's motion to dismiss for failure to state a claim). Title VII and the ADEA authorize suits against an employer. 29 U.S.C. § 623(a); 42 U.S.C. § 2000e-2(a); *Morrison v. Amway Corp.*, 323 F.3d 920, 926 (11th Cir. 2003) (providing that, under § 623(a)(1), a plaintiff can recover "only if he is able to prove an '*employer*' discriminated against him . . . on the basis of age").

Under Georgia law, deputies are employed by Sheriff's Departments, not counties. *See Manders v. Lee*, 338 F.3d 1304, 1310-11 (11th Cir. 2003). In *Manders*, we explained that, under Georgia law, counties are separate entities independent of the sheriff's office, the sheriff is not a subunit or division of county government, and "[s]heriffs alone hire and fire their deputies." *Id.* A local government may be sued under 42 U.S.C. § 1983 for depriving an individual of his constitutional rights only if the alleged injury is caused by an official policy or custom. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694, 98 S. Ct. 2018, 2037-38 (1978)

The district court was correct that Jordan could not assert his ADEA and Title VII claims against Gwinnett County, because those statutes authorize suit

against an employer, and Jordan was employed by the Sheriff's Department, which, under Georgia law, is a separate entity from the County. Furthermore, although Jordan alleged in his complaint that the Gwinnett County Merit Board deprived him of due process, he failed to state a claim under § 1983 because he did not allege that the deprivation of his due process rights was caused by an official policy or custom. Accordingly, the district court did not err in dismissing Gwinnett County from the lawsuit.

### D. Failure to Consider Evidence Submitted in Opposition to Summary Judgment

"Although *pro se* litigants are not held to the same standards of compliance with formal or technical pleadings rules applied to attorneys, we have never allowed such litigants to oppose summary judgments by the use of unsworn materials." *Gordon v. Watson*, 622 F.2d 120, 123 (11th Cir. 1980).

The majority of the exhibits submitted by Jordan in support of his response to the summary judgment motion were unsworn and unverified and, therefore, the district court did not err in excluding them from consideration. However, two transcripts—the transcript of Jordan's Merit Board hearing and the transcript of

his 2009 jury trial on the criminal trespass charge—do contain court reporter certificates. Thus, the district court erred in declining to consider these transcripts when ruling on the defendants' motion for summary judgment. Nevertheless, a review of the transcripts indicates that the district court's grant of summary judgment on Jordan's preserved religious discrimination claim was proper, even if these documents are considered. Accordingly, we affirm the district court's grant of summary judgment on Jordan's age and religious discrimination claims, as well as the court's dismissal of Gwinnett County.

**AFFIRMED.**[1]

---

[1] Jordan's request for oral argument is denied.