[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

————————————

No. 21-13448

Non-Argument Calendar

————————————

MARK A. JONES,

Petitioner-Appellant,

*versus*

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,

Respondents-Appellees.

————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:19-cv-00538-GKS-GJK

————————————

Before NEWSOM, GRANT, and ANDERSON, Circuit Judges.

PER CURIAM:

Mark Jones, a counseled state prisoner, appeals the district court's dismissal with prejudice of his petition for a writ of habeas corpus under 28 U.S.C. § 2254.  We granted a certificate of appealability ("COA") on the single issue of "[w]hether the district court erred in finding that Jones's underlying ineffective-assistance-of-trial-counsel claim for failure to convey a plea offer was not 'substantial' to overcome procedural default under *Martinez v. Ryan*, 566 U.S. 1 (2012)?"  Jones argues that his underlying ineffective-assistance-of-counsel claim is substantial because his trial counsel failed to inform him of the plea-deal-deadline extension, did not use the alternate contact numbers in his file, and did not seek another extension when he could not reach Jones.  Jones argues that this failure to inform him was deficient and prejudiced him because he would have accepted the plea deal after the original expiration date but within the extension.[1]  After carefully reviewing the record before us, we affirm the district court's dismissal of Jones's habeas petition.

---

[1] Jones also contends that the state court's decision was an inadequate procedural ground on which to deny his successive post-conviction petition and that his procedural default should be excused due to newly discovered evidence. Both issues are outside the scope of the COA, so we decline to address them. *See Spencer v. Sec'y, Dep't of Corr.*, 609 F.3d 1170, 1180 (11th Cir. 2010).

When evaluating a district court's denial of a § 2254 petition, we review questions of law and mixed questions of law and fact de novo, and findings of fact for clear error. *Tanzi v. Sec'y, Fla. Dep't of Corr.*, 772 F.3d 644, 651 (11th Cir. 2014).

Before bringing a federal habeas action, a petitioner must exhaust all state court remedies available for challenging his conviction, either on direct appeal or in a state post-conviction motion. 28 U.S.C. § 2254(b), (c). A federal claim is subject to procedural default where: (1) the state court concludes that the petitioner's claim is barred because of an independent and adequate ground of state procedure; or (2) the petitioner never raised the claim in state court, and it is obvious that the unexhausted claim would now be procedurally barred under state procedural rules. *Bailey v. Nagle*, 172 F.3d 1299, 1302–03 (11th Cir. 1999). Under the procedural-default doctrine, "[i]f the petitioner has failed to exhaust state remedies that are no longer available, that failure is a procedural default which will bar federal habeas relief." *Smith v. Jones*, 256 F.3d 1135, 1138 (11th Cir. 2001).

The Florida Court of Appeals held that Jones's ineffective assistance of counsel claim was procedurally barred as successive. His claim is thus subject to the procedural default rule. *Id.* A procedural default may be excused if the movant establishes (1) "cause for not raising the claim of error on direct appeal and actual prejudice from the alleged error," or (2) a fundamental miscarriage of justice, meaning actual innocence. *McKay v. United States*, 657 F.3d 1190, 1196 (11th Cir. 2011) (emphasis omitted).

In *Martinez v. Ryan*, the Supreme Court created a "narrow exception" to procedural default in ineffective-assistance-of-counsel contexts. 566 U.S. at 9. This narrow exception allows a state prisoner to obtain federal habeas review of unexhausted, procedurally defaulted claims of ineffective assistance of trial counsel when the state does not allow ineffective assistance of counsel claims on direct review and the initial collateral-review counsel performs ineffectively. *Id.* at 17. But to overcome procedural default under *Martinez*, a petitioner must show that his underlying ineffective assistance-of-trial-counsel claim is "substantial," meaning that the claim "has some merit." *Id.* at 14. The Supreme Court compared the substantiality requirement to the standard required for a COA. *Id.* at 16. Under the COA standard, a defaulted claim is substantial if the resolution of its merits would be debatable among reasonable jurists. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

To make out a successful claim of ineffective assistance of counsel, a defendant must show both that (1) his counsel's performance was deficient and (2) the deficient performance prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). When analyzing a claim of ineffective assistance under § 2254(d), our review is "doubly" deferential to counsel's performance. *Harrington v. Richter*, 562 U.S. 86, 105 (2011). So "the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id.* Deficient performance "requires showing that counsel made errors so serious that counsel was not

functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687. We presume that counsel's conduct was reasonable, and a petitioner seeking to overcome the presumption must establish "that no competent counsel would have taken the action that his counsel did take." *Chandler v. United States*, 218 F.3d 1305, 1315 (11th Cir. 2000) (en banc). Prejudice occurs when, but for counsel's deficient performance, the outcome of the proceeding would have been different. *Strickland*, 466 U.S. at 694. Failure to establish either prong is fatal. *Id.* at 697.

The Supreme Court has held that "defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused." *Missouri v. Frye*, 566 U.S. 134, 145 (2012) ("When defense counsel allowed the offer to expire without advising the defendant or allowing him to consider it, defense counsel did not render the effective assistance the Constitution requires."). Thus, an attorney's failure to convey a plea agreement at all is deficient performance, satisfying the first element of *Strickland*. *Id.* at 145, 147.

To satisfy the prejudice prong, a petitioner must show a reasonable probability that, but for counsel's ineffectiveness: (1) he would have accepted the plea offer; (2) the prosecution would not have cancelled or withdrawn the offer; (3) the court would have accepted the plea offer; and (4) the conviction or sentence, or both, would have been less severe than what he actually received. *See id.* at 147 (requiring the first three); *Lafler v. Cooper*, 566 U.S. 156, 168 (2012) (adding the fourth). But "after the fact testimony

concerning his desire to plead, without more, is insufficient to establish that but for counsel's alleged advice or inaction, he would have accepted the plea offer." *Diaz v. United States*, 930 F.2d 832, 835 (11th Cir. 1991).

Jones's underlying ineffective-assistance claim is not substantial because he failed to show that trial counsel was deficient. Unlike in *Frye*, it's not that trial counsel failed to convey the plea offer entirely; he just tried but failed to convey the deadline extension. *Frye*, 566 U.S. at 145. In fact, trial counsel informed Jones of the deal and discussed its details with him. Trial counsel communicated to Jones that if he accepted the deal, he would receive a 15-year sentence, and if he refused, he faced life in prison because the state would seek Prison Releasee Reoffender ("PRR") status. Although Jones contested his lawyer's opinion that he would be subject to PRR status, he understood its consequences. Even so, Jones refused the deal.

Despite his refusal, trial counsel sought an extension on the plea-deal deadline in the hope that Jones might change his mind given an upcoming psychological evaluation that would determine whether he could pursue an insanity defense. After receiving the extension, trial counsel tried to contact Jones. Jones did not answer the phone call so trial counsel left a message with instructions to call him back. Trial counsel called Jones a second time, but the number was out of service. The plea-deal deadline passed, and Jones went to trial where he was sentenced to life in prison.

Under the deferential standard of *Strickland*, trial counsel's attempts to contact Jones were not perfect but nonetheless reasonable. *Chandler*, 218 F.3d at 1315. From trial counsel's "perspective at the time," Jones had rejected the 15-year plea deal. *Id.* at 1316 (quoting *Strickland*, 466 U.S. at 669). His attorney's last attempt to contact Jones was to try to change his mind given the results of his psychological evaluation. But based on his prior discussions with Jones, trial counsel didn't think that Jones would change his mind. So having failed to reach Jones twice, trial counsel reasonably relented.

With the benefit of hindsight, Jones argues that trial counsel should have tried to contact his parents or seek a deadline extension. But evaluating deficient performance "has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer [during plea negotiations] could have acted, in the circumstances, as defense counsel acted [during plea negotiations]." *Waters v. Thomas*, 46 F.3d 1506, 1512 (11th Cir. 1995) (en banc) (internal citations omitted). While trial counsel could have taken those extra steps, the Sixth Amendment did not require him to do so. Trial counsel's actions were reasonable and did not fall below the standard of performance expected of attorneys. *Strickland*, 466 U.S. at 694.

Even if Jones's argument that trial counsel was deficient had merit, Jones's arguments that he was prejudiced fail because he did not show that he would have accepted the plea deal even with the

extension.  *Frye*, 566 U.S. at 147.  While Jones now claims that he would have accepted the offer once he knew that the insanity defense was not viable, there is little evidence in the record that shows that's true.  In initial conversations with his lawyer about the plea deal, Jones stated that 15 years was too long because his loved ones would have passed away by the time he was released.  Furthermore, at the state post-conviction evidentiary hearing, Jones stated that he rejected the 15-year plea deal because he thought he did not qualify as a PRR.  Throughout his testimony at the evidentiary hearing, he never conveyed that his decision to reject the plea deal was based on the viability of an insanity defense.  His after-the-fact statements before this Court are not enough to show that but for trial counsel's failure to tell him of the extension, he would have taken the deal.  *See Diaz*, 930 F.2d at 835.

Having failed to show both deficient performance and prejudice on the underlying ineffective assistance of counsel claim, Jones has not established that his claim is "substantial."  Therefore, Jones cannot overcome the procedural default bar.

**AFFIRMED.**